# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2020

Lyle W. Cayce
Clerk

CHARLES CONSTANCE; MARION CONSTANCE,

>    Plaintiffs - Appellants

v.

INTERSTATE INTRINSIC VALUE FUND A, L.L.C.,

>    Defendant - Appellee

Appeal from the United States District Court
Northern District of Texas, Dallas
USDC 3:18-CV-3047

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

   Plaintiffs-Appellants Charles Constance (Mr. Constance) and Marion Constance (Mrs. Constance) filed this breach of contract action against Defendant-Appellee Interstate Intrinsic Value Fund A, L.L.C.  Upon motion, the district court granted summary judgment in Defendant's favor.  We affirm.

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11329

I.

In 2001, Plaintiffs became borrowers under a "80/20" mortgage lien which allowed them to secure a residential property located at 13132 Fall Manor Drive, Dallas, Texas (the Property). They are both listed as borrowers to the Primary Mortgage in the original amount of $101,600.00 and its Deed of Trust. Mr. Constance is the listed borrower on the remaining 20 percent of the property purchase price in a Junior Mortgage. However, in their petition that initiated this action, Plaintiffs state they both undertook the Primary and Junior mortgages. And, under the Junior Mortgage's Deed of Trust, both Plaintiffs executed their signatures as borrowers and Mrs. Constance initialed every page of this document.

In 2013, Defendant became assignees of the beneficiary interests in the the Primary and Junior Mortgages, and Defendant began collecting repayments from Plaintiffs. Subsequently, in 2016, Mr. Constance was no longer submitting timely payments on the Note, and, the following year, the mortgage defaulted. Defendant, in turn, attempted to foreclose on the Property.

Between 2013 and 2017, the record reflects that Mr. Constance filed for bankruptcy on three occasions. During the 2015 and 2017 bankruptcy proceedings, Mr. Constance acknowledged the existence of the Primary and Junior Mortgages within his signed bankruptcy schedules which he executed under penalty of perjury.

Following the bankruptcy proceedings, Plaintiffs initiated this action for, *inter alia*, breach of contract in state court in Dallas County, Texas. While Plaintiffs acknowledge that the Junior Mortgage is in default, they claim that (for various reasons) Defendant is in breach of the Deed of Trust of this Junior Mortgage. Defendant subsequently removed this case. Once before the district court, Defendant moved for summary judgment. In response, Plaintiff claimed

No. 19-11329

that there was a genuine dispute of material fact as to their reasonable belief that the Junior Mortgage "no longer existed" because they thought that the Junior Mortgage merged into the Primary Mortgage after a 2005 loan modification.    The district court determined this assertion to be unsubstantiated in light of the 2015 and 2017 bankruptcy record that demonstrated that Mr. Constance was aware that both mortgage debts still existed.  Because Mr. Constance's bankruptcy admissions could be imputed on Mrs. Constance and were considered judicial admissions, the court concluded that there were no genuine issues of material fact and granted Defendant's motion.

Plaintiffs now appeal.

## II.

We review grants of summary judgment de novo, applying the same standard as the district court. *Antoine v. First Student Inc.*, 713 F.3d 824, 830 (5th Cir. 2013); *see also* FED. R. CIV. P. 56(a) (summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

## III.

For clarity, this action relates only to the Junior Mortgage that is now in default and subjecting the Property to foreclosure.  There is no indication in the record that Plaintiffs defaulted on the Primary Mortgage.

On appeal, Plaintiffs claim that the district court erred because (1) Mrs. Constance is not a borrower under the Junior Mortgage and therefore Defendant cannot seek recourse against her; (2) Mr. Constance's bankruptcy proceedings should not be considered as admissions because he later disclaimed any admissions via affidavit in this civil case; and (3) Mr. Constance's bankruptcy admissions cannot be imputed to Mrs. Constance.  In response, Defendant primarily contends that the district court did not commit

3

error because Mr. Constance's bankruptcy admissions can be used in subsequent litigation as judicial admissions and can be attributable to Mrs. Constance.

As to their first and third points, Plaintiffs highlight an inconsistency in Mrs. Constance's positions. In the petition that initiated this action, Plaintiffs explicitly state that they both undertook both Primary and Junior Mortgages. Now on appeal, they contend that Mrs. Constance is not a borrower or party to the Junior Mortgage because she is not listed as a borrower under the Junior Mortgage and only signed its Deed as a witness. This begs the question on how Mrs. Constance has standing to sue and recover on a contract (even as a third-party beneficiary) when she now disclaims her protected contract interest. *Cf. Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224–25 (5th Cir. 2013) ("Texas courts have held that a non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary . . . ."). If Mrs. Constance is now renouncing any protected non-party contract interest under this mortgage, she is stating that she lacks the requisite Article III standing to recover under the Junior Mortgage. Thus, we take this new position by Mrs. Constance as her effectively dismissing herself.

As to the second point, Mr. Constance is attempting to conjure up a genuine issue of material fact via a conclusory affidavit that contradicts signed documents in his bankruptcy proceedings. We reject this attempt to manufacture material fact disputes. We adopt the district court's analysis for rejecting Plaintiffs-Appellants' claims.

For the foregoing reasons, we AFFIRM the summary judgment in favor of Defendant.